UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY DESEAN ADAMS,

Petitioner,

v.

CONTRA COSTA COUNTY SUPERIOR COURT,

Respondent.[1]

Case No. 20-cv-00473-VC (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYNG CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 9

Henry Desean Adams, an inmate at the California Men's Colony State Prison, files this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence imposed by the Contra Costa County Superior Court. Adams also moves for leave to proceed in forma pauperis, which is granted.

Adams' petition asserts three claims: (1) he was arrested pursuant to a warrant that had been dismissed or cancelled; (2) illegal enhancements of his sentence; and (3) the sentencing court used the wrong penal code for three of his convictions. For the following reasons, the petition is denied.

## PROCEDURAL BACKGROUND

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Josie Gastelo as Respondent because she is Adams' current custodian.

On September 19, 2018, a Contra Costa County jury found Adams guilty of five charges: three counts of assault by means likely to produce great bodily injury (Cal. Penal Code § 245(a)(1)); one count of criminal threats (Cal. Penal Code § 422); and one count of inflicting injury to a person with a dating relationship (Cal. Penal Code § 273.5(a)). *See In re Henry Adams, On Habeas Corpus*, No. 05-190202-2, (Contra Costa Co. Sup. Ct. Mar. 19, 2019); ECF No. 8-2 at 28. On October 12, 2018, Adams entered a plea agreement to resolve his two pending criminal cases. ECF No. 8-2 at 29. In one case, Adams plead guilty to pandering by encouragement (Cal. Penal Code § 2661(a)(2)). *Id.* In the second case, Adams plead guilty to driving or taking a vehicle without the owner's consent (Cal. Vehicle Code § 10851 (a)) and to evading an officer (Cal. Vehicle Code § 2800.2(a)). *Id.* In the plea agreement, the parties stipulated that Adams had suffered two prior serious felony strike convictions within the meaning of California Penal Code sections 667(a) and 667(e)(1). *Id.*

On November 9, 2018, the sentencing court sentenced Adams to the sentence agreed upon in the plea agreement: 24 years, which included five years for each of Adams' prior serious felony convictions. *Id.*

In his petition, Adams states he appealed his conviction and sentence, but the courts did not issue an opinion. On January 28, 2019, Adams filed a petition for a writ of habeas corpus in the Contra Costa County Superior Court. ECF No. 8-2 at 4-9. On March 19, 2019, the Superior Court denied the petition in a written opinion. ECF No. 8-2 at 28-30. On July 2, 2019, the California Court of Appeal summarily denied Adams' petition. ECF No. 8-2 at 33. On December 18, 2019, the California Supreme Court summarily denied Adams' petition. ECF No. 8-2 at 44. On January 22, 2020, Adams filed this timely federal petition.

**LEGAL STANDARD**

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This is a highly deferential standard for evaluating state court rulings: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d). *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In this case, the Contra Costa County Superior Court is the highest court to issue a reasoned decision on Adams' claims.

## DISCUSSION

The respondent argues that Adams' three claims are not cognizable in a federal habeas proceeding.

### I. Warrant Claim

Adams claims that on June 18, 2015, he was arrested on a warrant that was dismissed or cancelled on February 8, 2009. This claim is barred from habeas review by *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) and *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973), which held a guilty plea forecloses consideration of claims regarding pre-plea constitutional deprivations.

Furthermore, *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *Locks v. Sumner*, 703

F.2d 403, 408 (9th Cir. 1983). The Contra Costa County Superior Court reviewed and denied Adams' warrant claim on the merits. ECF No. 8-2 at 29. Because Adams received a full and fair opportunity to litigate this issue in state court, *Stone* bars his claim in this habeas proceeding.

**II. Enhancements Claim**

Adams claims the two five-year enhancements that were added to his sentence were not warranted because the two prior offenses on which they were based did not count as strikes.

The state habeas court denied this claim based on the fact that, as part of Adams' plea agreement, he stipulated that he had suffered two prior felony strike convictions, and each would add five years to his sentence. *See* ECF No. 8-2 at 29-30.

A defendant who pleads guilty may not collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel. *United States v. Broce*, 488 U.S. 563, 574 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Nor may he collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)

Adams was represented by counsel during his plea and sentencing hearings. ECF No. 8-2 at 46-62. The sentencing court carefully went over with Adams and his counsel the plea agreement, the sentence for each crime he plead guilty to and the enhancements. When the court asked Adams if he had any questions or concerns, he responded that he was only worried about his credits for time served. *Id.* at 62. The court also went over the two prior convictions upon which the strikes were based. *Id.* at 75. The court asked Adams and his counsel if he admitted he had those prior convictions as part of the plea and they both answered, "yes." *Id.* at 75.

Adams does not argue here or in his state petitions that his plea agreement should be invalidated because his plea was not voluntary or intelligent. Nor does he argue his counsel did not advise him properly. Therefore, he cannot attack his enhancements which were an integral part of the plea agreement he negotiated.

**III. Wrong Penal Code Claim**

Adams claims he was convicted of three counts of assault by means of force likely to produce great bodily injury under California Penal Code section 245(a)(4), but was erroneously sentenced under Penal Code section 245(a)(1).

First, this claim is not cognizable in this habeas proceeding because it is solely about an error of state law. *See Swarthout v. Cooke*, 562 U.S 216, 219 (2011) (federal habeas corpus relief does not lie for error of state law).

Second, a review of the record shows that the sentencing court used the correct penal codes because the penal codes had changed between the dates Adams had been charged, tried and convicted and the date he was sentenced. At the sentencing hearing, defense counsel noted this change by stating, "Your Honor, can we just make sure one thing is clear for the record because possibly in the future it could come up as an issue as far as the three 245 charges that Mr. Adams was found guilty of by the jury. At the time that happened, there was no Penal Code section 245(a)(4) which is a non-strike. 245(a)(1) encompassed both use of a weapon and force likely."[2] ECF No. 8-2 at 89. The court replied, "Right. So it's clear for the record, and we can put in parentheses on those counts on the abstract I think, Madam Clerk, that the theory under which the conviction was arrived at here was force likely." *Id.* The Clerk replied, "Well, how I have it prepared is assault by means likely to produce and it's abbreviated GBI." ECF No. 8-2 at 90. The court and defense attorney agreed that was satisfactory. *Id.* The clerk entered it as such on the abstract of judgment. ECF No. 8-2 at 19.

Therefore, there was no error in how the court sentenced Adams.

**CONCLUSION**

Adams' petition for a writ of habeas corpus is denied. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

[2] This is an abbreviated version of "force likely to produce great bodily injury ("GBI").

*McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent and close the file.

**IT IS SO ORDERED.**

Dated: December 29, 2020

VINCE CHHABRIA
United States District Judge